FILED by ___ D.C.

MAR 2 7 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. - W.P.B.

| UNITED STATES DISTRICT COURT SOUTHERN DISTRICT | DISTRICT: WEST PALM BEACH |
|---|---|
| **Name (under which you are convicted)** PAUL WILLIAM SCOTT | **Docket or Case Number:** |
| **Place of Confinement:** UNION CORRECTIONAL INSTITUTION | **Prisoner Number:** 071615 |
| Petitioner | Respondent |

V.

PAUL WILLIAM SCOTT

MICHAEL D. CREWS
**Department Of Corrections Secretary**

The Attorney General of the State of Florida:

PAMELA JO BONDI

## PURSUANT TO: <u>MARTINEZ V. RYAN</u>, 132 S.CT. 1309 (3/20/2012)

## PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging: _Fifteenth Judicial Circuit_

      (b) Criminal docket or case number (if you know): _501979CF7000167B_

2.    (a) Date of the judgment of conviction (if you know): _October 1979_

      (b) Date of sentencing: _December 1979_

3.    Length of sentence: _Death_

4     In this case, were you convicted on more than one count or of more than one crime? Yes [ ] No [X]

5.    Identify all crimes of which you were convicted and sentenced in this case: _First degree Murder_

6.    (a)    What was your plea? (Check one)

- Page _1_ of _31_ -

(1) Not guilty [X]                     (2) Guilty [ ]
(3) Nolo contendere (no contest) [ ]   (4) Insanity plea [ ]

(b)     If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

(c)     If you went to trial, what kind of trial did you have? (Check one)
Jury [X]     Judge only [ ]

7.     Did you testify at a pretrial hearing, trial, or a post-trial hearing?
Yes [ ] No [X]

8.     Did you appeal from the judgment of conviction?
Yes [X] No [ ]

9.     If you did appeal, answer the following:

(a)     Name of court: _Florida Supreme Court_____

(b)     Docket or case number (if you know): _58588_____

(c)     Result: _Denied_____

(d)     Date of result (if you know): _March 11th 1982_____

(e)     Citation to the case (if you know): _Scott v State, 411 So.2d 866 (Fla.1982)_

(f)     Grounds raised: _1) Insufficient evidence was persented by the state to support guilt by a reasonable doubt. 2) Evidence does not support pre-meditation - nor robbery or burglary. 3) The court erred in substaining the States objection to the cross examination of Charles Sotullo. 4) Denied fair cross section of community._____

_____

_____

(g)    Did you seek further review by a higher state court? Yes [ ] No ⊠
If yes, answer the following:

(1)    Name of court: _____

(2)    Docket or case number (if you know): _____

(3)    Result: _____

(4)    Date of result (if you know): _____

(5)    Citation to the case (if you know): _____

(6)    Grounds raised: _____

_____
_____
_____
_____
_____
_____

(h)    Did you file a petition for certiorari in the United States Supreme
Court? Yes [⊠] No [ ] If yes, answer the following:

(1)    Docket or case number (if you know):

(2)    Result: *Denied*

(3)    Date of result (if you know):

(4)    Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any
other petitions, applications, or motions concerning this judgment of conviction in
any state court?
Yes ⊠ No [ ]

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1)    Name of court: *Trial Court 15th Judicial Circuit*

(2)   Docket or case number (if you know): _501979CF7000167B_

(3)   Date of filing (if you know): _____ _1984_ _____

(4)   Nature of the proceeding: ____ _3.850  Motion_ ____

(5)   Grounds raised: _A) To obtain and present the testimony_
_of the co-perpetrator Richard Kondian. B) To properly_
_impeach the states key witness Charles Sotullo. C) To adequately_
_cross examine the states medical examiner._

(6)   Did you receive a hearing where evidence was given on your petition, application, or motion? Yes [X] No [ ]

(7)   Result: ___ _Denied_ ___

(8)   Date of result (if you know)_____ _1986_

(b)   If you filed any second petition, application, or motion, give the same information:

(1)   Name of court: _Trial Court 15th Judicial Circuit_

(2)   Docket or case number (if you know): _5019CF7000167B_

(3)   Date of filing (if you know): _____ _1991_

(4)   Nature of the proceeding: _____ _3.850_

(5)   Grounds raised: _1) Newly discovered evidence of Scotts_
_co-defendant 45 year sentence renders Scotts sentence_

*disproportionate and that other newly discovered evidence negates the aggravating factors found by the trial court. 2) He was erroneously denied an opportunity to present exculpatory evidence to the jury due to either prosecutorial misconduct or the ineffectiveness of defense counsel. 3) He was denied the effective assistance of counsel.*

(6)   Did you receive a hearing where evidence was given on your petition, application, or motion? Yes [ ] No [X]

(7)   Result: _____*Denied*_____

(8)   Date of result (if you know):_____*1992*_____

(c)   If you filed any third petition, application, or motion, give the same information:

   (1)   Name of court: *Trial Court 15th Judicial Circuit*_____

   (2)   Docket or case number (if you know): *501979CF700016TB*

   (3)   Date of filing (if you know): _____*1994*_____

   (4)   Nature of the proceeding: _____*3.850 Motion*_____

   (5)   Grounds raised: _____

   (6)   Did you receive a hearing where evidence was given on your petition, application, or motion? Yes [X] No [ ]

   (7)   Result: _____*Denied*_____

   (8)   Date of result (if you know):_____

(d)   Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

   (1) First petition: Yes [X] No [ ]

   (2) Second petition: Yes [X] No [ ]

(3) Third petition: Yes [X] No [ ]

(e)    If you did not appeal to the highest state court having jurisdiction, explain why you did not: _____

_____

_____

_____

_____

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

### GROUND ONE:

Counsel failed to impeach the states key Witnes Charles Sotullo through his pre trial statement.

_____

_____

_____

(a)    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Prior to trial Charles Sotullo gave a statement to attorney David Roth. Mr. Roth used two jail guards to witnes this statement. Sotullo admitted he lied to the state attorney Counsel failed to use any of this to impeach this key witnes.

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b)   If you did not exhaust your state remedies on Ground One, explain why: _Collateral counsel failed to raise it in Defendants initial_ _3.850 proceeding_
_____
_____
_____

(c)   Direct Appeal of Ground One:

(1)   If you appealed from the judgment of conviction, did you raise this issue? Yes [ ] No [✓]

(2)   If you did not raise this issue in your direct appeal, explain why: _IAC claims are generally raised in a_ _collateral 3.850 motion_
_____
_____
_____

(d)   Post-Conviction Proceedings:

(1)    Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [  ] No [✓]

(2)    If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:_____
    Name and location of the court where the motion or petition
    was filed: _____
    Docket or case number (if you know): _____
    Date of the court's decision: _____
    Result (attach a copy of the court's opinion or order, if
    available): _____

(3)    Did you receive a hearing on your motion or petition?
Yes [  ] No [  ]

(4)    Did you appeal from the denial of your motion or petition?
Yes [  ] No [  ]

(5)    If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes [  ] No [  ]

(6) If your answer to Question (d)(4) is "Yes," state: Name and location of the court where the appeal was filed:

    Docket or case number (if you know): _____
    Date of the court's decision: _____
    Result (attach a copy of the court's opinion or order, if
    available):_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____N/A_____
_____
_____
_____

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on this ground: _____
_____

**GROUND TWO:**

_Counsel failed to impeach detective Savidge With material available to him at trial_

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Both detective Savidge and detective Collins interviewed defendant together and filed almost identical police reports stating defendant stated that the victim approached him with a knife and demanded sex and the defendant struck the victim once and fled out the rear patio door and ran through the screen which left a hole pushed outwards but at trial detective Savidge stated the defendant stated he struck the victim atleast three (3) times and left through the front door with Richard Kondian contradicting his own police report

(b)    If you did not exhaust your state remedies on Ground One, explain why: *Collaterial Counsel Failed to raise this in Defendants initial 3.850 motion*

(c)    Direct Appeal of Ground One:

(1)    If you appealed from the judgment of conviction, did you raise this issue? Yes [ ] No [ ]

(2)    If you did not raise this issue in your direct appeal, explain why: *IAC claims are generally raised in a Collaterial 3.850 proceeding.*

(d)    Post-Conviction Proceedings:

(1)    Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [ ] No [✓]

(2)    If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:_____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3)    Did you receive a hearing on your motion or petition? Yes [ ] No [ ]

(4)    Did you appeal from the denial of your motion or petition? Yes [ ] No [ ]

(5)    If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes [ ] No [ ]

(6) If your answer to Question (d)(4) is "Yes," state: Name and location of the court where the appeal was filed:

       Docket or case number (if you know): _____
       Date of the court's decision: _____
       Result (attach a copy of the court's opinion or order, if available):_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____
_____
_____
_____

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on this ground: _____
_____
_____
_____

## **GROUND THREE:**

*Counsel failed to point out to his jury that the state medical examiner never stated the killer is left handed*

(a)    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*The state medical examiner testified that the blows that killed the victim were on the left side of the skull. The state*

attorney informed the jury that he said the blows were by a
left handed person and during trial the defendant took writen
notes with his left hand thus leaving the jury to believe that the
killer is left handed and is the defendant and counsel failed to address
this to the jury.

(b)   If you did not exhaust your state remedies on Ground One, explain
why: Collateral counsel failed to raise it in Defendants
initial 3.850 proceeding

(c)   Direct Appeal of Ground One:

(1)   If you appealed from the judgment of conviction, did you raise
this issue? Yes [ ] No [ ]

(2)   If you did not raise this issue in your direct appeal, explain
why: IAC claims are generally raised in a collateral
3.850 motion.

_____
_____

(d)    Post-Conviction Proceedings:

(1)    Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [ ] No [ ]

(2)    If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:_____
Name and location of the court where the motion or petition was filed: _____
Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(3)    Did you receive a hearing on your motion or petition?
Yes [ ] No [ ]

(4)    Did you appeal from the denial of your motion or petition?
Yes [ ] No [ ]

(5)    If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes [ ] No [ ]

(6) If your answer to Question (d)(4) is "Yes," state: Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available):_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____
_____
_____
_____

(e)     Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on this ground: _____

_____

_____

_____

## **GROUND FOUR:**

Defense counsel failed to introduce evidence and witnesses supporting defendants claim he wasn't present when Richard Kondian beat the victim to death and Kondian and two (2) accompliances returned to the home to retrieve Kondian's wallet and ring

_____

(a)     Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In letters to Valeria Cooke Kondian wrote he lost his wallet and ring in the fight and in a telephone conversation he stated that he and Alan Brasher and Charles Sotullo returned to the home of the victim to retrieve these and he got mad and beat the victim to death and showered and he used this to force Charles to recant his lies and the defendant was not with them and she spoke of this with defense counsel and sent him copies of the letters and is willing to testify. Kondians wallet and ring was not found at the scene and Kondians finger prints and blood were found on the shower door, supporting her statements, and counsel failed to use this evidence or witness

_____
_____
_____

      (b)    If you did not exhaust your state remedies on Ground One, explain why: _Collateral Counsel failed to raise this in Defendants_
_____initial 3,850_____
_____
_____
_____

      (c)    Direct Appeal of Ground One:

      (1)    If you appealed from the judgment of conviction, did you raise this issue? Yes [ ] No [ ]

      (2)    If you did not raise this issue in your direct appeal, explain why: _IAC Claims are generally raised in a_
_____Collateral 3.850 proceeding_____
_____
_____
_____

      (d)    Post-Conviction Proceedings:

      (1)    Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [ ] No [ ]

      (2)    If your answer to Question (d)(1) is "Yes," state:

            Type of motion or petition:_____
            Name and location of the court where the motion or petition was filed: _____
            Docket or case number (if you know): _____
            Date of the court's decision: _____
            Result (attach a copy of the court's opinion or order, if available): _____

      (3)    Did you receive a hearing on your motion or petition?

Yes [ ] No [ ]

(4)   Did you appeal from the denial of your motion or petition?
Yes [ ] No [ ]

(5)   If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes [ ] No [ ]

(6) If your answer to Question (d)(4) is "Yes," state: Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available):_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____
_____
_____
_____

(e)   Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on this ground: _____
_____
_____
_____

## **GROUND FIVE:**

Counsel failed to point out to the jury
that the perposed murder weapon had
neither defendants finger prints or blood on it.
_____
_____
_____
_____

(a)    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel failed to point out to the jury the states purposed murder weapon didn't have defendants blood nor finger prints on it and was found at the end of the couch tipped over and wedged between the couch and a coffee table it sat on.

(b)    If you did not exhaust your state remedies on Ground One, explain why:

Collateral counsel failed to raise this in Defendants initial 3.850 proceeding

(c)    Direct Appeal of Ground One:

(1)    If you appealed from the judgment of conviction, did you raise this issue? Yes [ ] No [ ]

(2)   If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

_____

_____

(d)   Post-Conviction Proceedings:

(1)   Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [ ] No [ ]

(2)   If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:_____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3)   Did you receive a hearing on your motion or petition? Yes [ ] No [ ]

(4)   Did you appeal from the denial of your motion or petition? Yes [ ] No [ ]

(5)   If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes [ ] No [ ]

(6) If your answer to Question (d)(4) is "Yes," state: Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____ IAC claims Are Generally _____

_____ RAised iN A Collateral 3.850 _____

_____ Proceeding. _____

(e)   Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on this ground: _____

_____

_____

_____

### **GROUND SIX:**

_____

_____

_____

_____

_____

_____

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____

(b)    If you did not exhaust your state remedies on Ground One, explain why:

_____
_____
_____
_____
_____

(c)    Direct Appeal of Ground One:

(1)    If you appealed from the judgment of conviction, did you raise this issue? Yes [  ] No [  ]

(2)    If you did not raise this issue in your direct appeal, explain why: _____
_____
_____
_____
_____

(d)    Post-Conviction Proceedings:

(1)    Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [  ] No [  ]

(2)    If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:_____
Name and location of the court where the motion or petition was filed: _____
Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(3)   Did you receive a hearing on your motion or petition?
Yes [ ] No [ ]

(4)   Did you appeal from the denial of your motion or petition?
Yes [ ] No [ ]

(5)   If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes [ ] No [ ]

(6) If your answer to Question (d)(4) is "Yes," state: Name and location of the court where the appeal was filed:

      Docket or case number (if you know): _____
      Date of the court's decision: _____
      Result (attach a copy of the court's opinion or order, if available):_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____
_____
_____
_____

(e)   Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on this ground: _____
_____
_____
_____

## GROUND SEVEN:

_____
_____
_____
_____
_____
_____
_____

(a)    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b)    If you did not exhaust your state remedies on Ground One, explain why:

_____
_____
_____
_____
_____

(c)    Direct Appeal of Ground One:

   (1)    If you appealed from the judgment of conviction, did you raise this issue? Yes [ ] No [ ]

   (2)    If you did not raise this issue in your direct appeal, explain why: _____
_____

_____

_____

_____

(d)    Post-Conviction Proceedings:

(1)    Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [  ] No [  ]

(2)    If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:_____
Name and location of the court where the motion or petition was filed: _____
Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(3)    Did you receive a hearing on your motion or petition?
Yes [  ] No [  ]

(4)    Did you appeal from the denial of your motion or petition?
Yes [  ] No [  ]

(5)    If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes [  ] No [  ]

(6) If your answer to Question (d)(4) is "Yes," state: Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available):_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____
_____

_____

_____

(e)   Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on this ground: _____

_____

_____

_____

### **GROUND EIGHT:**

_____

_____

_____

_____

_____

_____

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)   If you did not exhaust your state remedies on Ground One, explain why:

_____
_____
_____
_____
_____
_____

(c)     Direct Appeal of Ground One:

(1)     If you appealed from the judgment of conviction, did you raise this issue? Yes [ ] No [ ]

(2)     If you did not raise this issue in your direct appeal, explain why: _____
_____
_____
_____
_____

(d)     Post-Conviction Proceedings:

(1)     Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [ ] No [ ]

(2)     If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:_____
Name and location of the court where the motion or petition was filed: _____
Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(3)     Did you receive a hearing on your motion or petition?
Yes [ ] No [ ]

(4)     Did you appeal from the denial of your motion or petition?
Yes [ ] No [ ]

(5)    If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes [ ] No [ ]

(6) If your answer to Question (d)(4) is "Yes," state: Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available):_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____
_____
_____
_____

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on this ground: _____
_____
_____
_____

13.    Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? **Yes [ ] No [ ]**
If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____

_____

_____

_____

_____

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? **Yes [ ] No [ ].**
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

_____

_____

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? **Yes [ ] No [ ].**
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

_____

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)    At preliminary hearing: _____

_____

_____

(b)    At arraignment and plea: _____

_____

_____

(c)    At trial: _____

_____

_____

(d)    At sentencing: _____

_____

_____

(e)    On appeal: _____

_____

_____

(f)    In any post-conviction proceeding: _____

_____

_____

(g)    On appeal from any ruling against you in a post-conviction
proceeding: _____

_____

_____

17.    Do you have any future sentence to serve after you complete the sentence for
the judgment that you are challenging? **Yes [  ] No [  ]**

(a)    If so, give name and location of court that imposed the other sentence
you will serve in the future: _____

_____

(b)    Give the date the other sentence was imposed: _____

_____

(c)    Give the length of the other sentence: _____

(d)     Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? **Yes [  ] No [  ]**.

18.     **TIMELINESS OF PETITION**: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _____

_____

_____

_____

_____

or any other relief to which petitioner may be entitled.

/S/ *Paul W. Scott*
Paul William Scott #071615
Union Correctional Institution
7819 NW 228th Street
Raiford, FL 32026

RECEIVED
UNION CORRECTIONAL INSTITUTION
MAR 1 8 2013
BY_____
FOR MAILING

Petitioner pro se

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on this __18__ day of __march__, __2013__. And executed on the same date.

/s/ *Paul W. Scott*
Paul William Scott #071615
Union Correctional Institution
7819 NW 228th Street
Raiford, FL 32026

Petitioner pro se