UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80305-CIV-ALTONAGA

**PAUL WILLIAM SCOTT**,

      Petitioner,

vs.

**MICHAEL D. CREWS**, Secretary,
Florida Department of Corrections,

      Respondent.
_____/

## ORDER

**THIS CAUSE** is before the Court upon a *sua sponte* review of Petitioner, Paul William Scott's ("Scott['s]") Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") [ECF No. 1], filed on March 27, 2013. As Mr. Scott's Petition is successive, the limitations placed on a district court's jurisdiction as contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(b), apply and require dismissal.

Mr. Scott is under a sentence of death for the murder of James Alessi in December of 1978. The lengthy procedural history of Mr. Scott's post-conviction challenges to his conviction and sentence is found in *Scott v. State*, 657 So. 2d 1129 (Fla. 1995). Relevant for present purposes is that on June 3, 1983, Mr. Scott filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Florida. *See Scott v. Dugger*, 686 F. Supp. 1488, 1495 (S.D. Fla. 1988). The district court denied relief and on December 14, 1989, the Eleventh Circuit affirmed the decision. *See Scott v. Dugger, Sec'y, Dep't. of Corr.*, 891 F.2d 800 (11th Cir. 1989). On October 1, 1990, the United States Supreme Court denied certiorari

review. *See Scott v. Dugger*, 498 U.S. 881 (1990).

Thereafter, Mr. Scott had several death warrants signed, was granted stays of execution, and filed two additional petitions for federal habeas relief with this Court. *See Scott v. Singletary, Sec'y, Dep't. of Corr.*, 870 F. Supp. 328 (S.D. Fla. 1994); *Cooke (a/k/a Paul William Scott) v. Singletary, Sec'y, Dep't. of Corr.*, 870 F. Supp. 1036 (S.D. Fla. 1994). Mr. Scott's final petition was dismissed as "an abuse of the writ." *Id.* at 1042. In the present case, Mr. Scott now presents his fourth Petition for a writ of habeas corpus "pursuant to: Martinez v. Ryan, 132 S. Ct. 1309 (3/20/2012)." (Pet. 1) (capitalization and bold text removed).

Pursuant to 28 U.S.C. section 2244(b), a district court must dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order from the appropriate court of appeals authorizing the district court to consider it. *See id.* §§ 2244(b)(1), (b)(3)(A); *see also Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007). Mr. Scott has not obtained such an order, nor has he requested permission to file the instant Petition. Even if permission had been properly sought and obtained, the AEDPA requires courts to decline such requests in all but two narrow circumstances. *See* 28 U.S.C. §§ 2244(b)(2).[1] The Petition does not satisfy either of these circumstances.

---

[1] Section 2244(b)(2) states:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for

As noted, the Petition states it is brought "pursuant to: Martinez v. Ryan." (Pet. 1). The Court assumes Mr. Scott is asserting *Martinez v. Ryan* as the basis to overcome the well-known bar to unauthorized second or successive petitions for writs of habeas corpus. 132 S. Ct. 1309 (2012). Nevertheless, notwithstanding whatever case Mr. Scott may be relying upon, he must first satisfy the statutory condition that he obtain the permission of the court of appeals in order for the Court to consider the Petition.[2]

To be clear, *Martinez* does not satisfy any of the exceptions of section 2244(b)(2)(A). In *Martinez*, the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S. Ct. at 1320. This is not a constitutional ruling but rather an equitable one:

> This is but one of the differences between a constitutional ruling and the equitable ruling of this case. A constitutional ruling would provide defendants a freestanding constitutional claim to raise; it would require the appointment of counsel in initial-review collateral proceedings; it would impose the same system of appointing counsel in every State; and it would require a reversal in all state

---

constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[2] There is one exception to this bright line rule. In *Panetti v. Quarterman,* the Supreme Court held that a petitioner's *Ford v. Wainwright*, 477 U.S. 399 (1986), claim of incompetency to be executed because of his mental condition at the time of the scheduled execution is not a claim required to be brought in an initial habeas petition on pain of being treated as a second or successive petition. 127 S. Ct. 2842, 2855 (2007) ("The statutory bar on 'second or successive' applications does not apply to a *Ford* claim brought in an application filed when the claim is first ripe."). The Court was very careful to limit its holding because a *Ford* claim is different from other habeas claims: "'*Ford*-based incompetency claims, as a general matter, are not ripe until after the time has run to file a first federal habeas petition.'" *Tompkins v. Sec'y, Dep't. of Corr*., 557 F.3d 1257, 1259-60 (11th Cir. 2009) (quoting *Panetti*, 127 S. Ct. at 2852). Mr. Scott does not present a *Panetti* exception.

> collateral cases on direct review from state courts if the States' system of appointing counsel did not conform to the constitutional rule. An equitable ruling, by contrast, permits States a variety of systems for appointing counsel in initial-review collateral proceedings. And it permits a State to elect between appointing counsel in initial-review collateral proceedings or not asserting a procedural default and raising a defense on the merits in federal habeas proceedings.

*Id.* at 1319-20. *Martinez* does not address or satisfy section 2244(b)(2).

In any event, even if *Martinez* arguably satisfied section 2244(b)(2), the Court lacks the jurisdiction to make that determination. The decision of whether or not Mr. Scott's "application makes a prima facie showing that the application satisfies the requirements of § 2244(b)" 28 U.S.C. § 2244(b)(3)(C), must be made by a three-judge panel of the court of appeals. *See id.* §§ 2244(b)(3)(B); *see also Felker v. Turpin*, 518 U.S. 651 (1996).

For the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that

1. The Petition is **DISMISSED**.

2. The Clerk of the Court is instructed to **CLOSE** this case.

**DONE AND ORDERED** at Miami, Florida, this 3rd day of April, 2013.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: Paul William Scott, *pro se*
     071615
     Union Correctional Institution
     7819 N.W. 228th Street
     Raiford, FL 32026